IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | Chapter 11 |
| **CLINTEX LABORATORIES, INC,** ) | |
| ) | Case No. 09-34377 |
| **Debtor** ) | |
| ) | Hon. Eugene R. Wedoff |
| ) | |

**NOTICE OF MOTION**

     PLEASE TAKE NOTICE that on Wednesday, June 19th, 2013 at the hour of 9:30 a.m., I shall appear before the Honorable Eugene Wedoff, or any judge sitting in his stead, in Courtroom 744 of the United States Courthouse, 219 S. Dearborn Street, Chicago, Illinois and then and there present **FIRST AND FINAL APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES AS COUNSEL FOR THE DEBTOR,** which is attached.

                                         Respectfully submitted,

                                         /s/Richard N. Golding
                                         Richard N. Golding
                                         Attorney for the Reorganized Debtor

Richard N. Golding, Esq. (ARDC# 0992100)
Jonathan D. Golding, Esq. (ARDC# 6299876)
THE GOLDING LAW OFFICES, PC
500 N. Dearborn Street, 2nd Floor
Chicago, IL 60654
Tel:  (312) 832-7885
Fax:  (312) 755-5720
Email: rgolding@goldinglaw.net

STATE OF ILLINOIS )
)
COUNTY OF COOK )

## CERTIFICATE OF SERVICE

      The undersigned hereby certifies that he caused a copy of the Debtor's Application to Employ Counsel with attached proposed order to be filed with the Clerk of the U. S. Bankruptcy Court, Northern District of Illinois, using the CM/ECF filing system on this 28th day of May 2013, by electronic notification via the ECF system to the United States Trustee and by mailing postage pre-paid with the U. S. Post Office at 500 N. Dearborn Street, Chicago, IL 60654 and facsimile where indicated to:

    Clintex Laboratories, Inc.
    140 W. 62nd St.
    Chicago, IL 60621

                                  /s/Richard N. Golding

**UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| Clintex Laboratories Inc., | ) | Case No. 09-34377 |
| Debtor | ) | |
| | ) | Judge: Eugene R.Wedoff |

**FIRST AND FINAL APPLICATION FOR COMPENSATION AND REIMBURSEMENT
OF EXPENSES AS COUNSEL FOR THE DEBTOR**

NOW COMES Richard N. Golding and Jonathan D. Golding of the Golding Law Offices, P.C., ("GLO") attorneys for the Debtor, and make Application for compensation for fees for services rendered and costs incurred for the period commencing prior to the filing, but for the sole purpose of creating the filing, through Amended Plan Confirmation on March 19, 2013. In support thereof, GLO respectfully states as follows:

## I.     INTRODUCTION

1.     GLO presents this Application pursuant to §§330 and 331 of Title 11 of the United States Bankruptcy Code (the "Bankruptcy Code") and Bankruptcy Rule 2016 for professional services rendered by it to the Debtor and its estate. This is the first fee petition filed by Debtor's counsel is neither an amendment nor supplement to any previous fee application.

2.     This case was commenced by a filing for relief pursuant to Chapter 11 of the Bankruptcy Code on September 16, 2009.

3. An order authorizing the employment of GLO was entered on January 20, 20010 covering services from the case commencement.

## II.     REQUEST FOR ALLOWANCE OF COMPENSATION

4.     All of the professional services for which allowance of compensation is requested were performed by GLO on behalf of the Debtor and its estate. The Application covers the

3

allowance of compensation for professional services commencing form the time the Debtor's officers and directors determined that it was in the best interest of the Debtor and its estate to commence a chapter 11 proceeding. During the period covered by this Application, GLO rendered a total of 168.01 hours of professional services in furtherance thereof. The time expended by the attorneys as covered in the Retention Motion is as follows:

| Name of Professional | Type of Professional | Hours billed |
|---|---|---|
| Richard N. Golding | attorney | 43.15 |
| Jonathan D. Golding | attorney | 124.86 |
| | | |

A complete accounting of the foregoing time is provided in Exhibit A.

4. GLO believes that the requested fee of $48,265.00 for the 168.01 hours worked (inclusive of pre-petition counseling in the sum of 15.25 hours and post-modification counseling in the sum of 5.17 hours) is reasonable considering the twelve factors set forth and enumerated in Johnson v. Georgia highway Express, Inc., 488 F.2nd 714 (5th Cir 1974) and made applicable to bankruptcy proceedings by In re First Colonial Corp .of America, 544 F.2wnd 1291 (5th Cir. 1977).

### III.   .REQUEST FOR REIMBURSEMENT OF EXPENSES

5. The **a**ctual expenses advanced by GLO on behalf of the Debtor total $26.00 for the filing fee for the Amended Schedules, Docket #9.

4

### IV. RETAINER RECEIVED AND COMPENSATION PREVIOUSLY PAID OR AWARDED

6.   This is the first Application for compensation filed by the applicants herein. The Debtor received an advanced retainer of $12,000.00 of which approximately $4,000.00 was expended on pre-petition research, conferences and communications not directly related to the actual filing of the chapter 11 case. The balance of the retainer is held in Applicant's Client Trust Funds and the Applicant has received no other funds from the Debtor for fees or expenses during the pendency of this case, except a check in reimbursement of the Chapter 11 filing fees.

### V. BILLING RATES OF APPLICANTS

7.   Counsel for the Debtor has been Richard N. Golding and Jonathan D. Golding and Richard N. Golding is the primary or supervising attorney on the case. The standard rates charged by GLO in similar matters which do not carry any special degree of complication or considering the size, economic value and responsibility, difficulty or complexity are as follows:

| Name of Professional | Type of Professional | Rate |
|---|---|---|
| Richard N. Golding | attorney | $395.00 |
| Jonathan D. Golding | attorney | $250.00 |

8.   The value of the professional services rendered in this case based upon the rates set forth above is $48,265.00.

9.   The rates charged by applicant are similar to or lower than rates charged by bankruptcy attorneys of similar skills, reputation and experience. The fees charged herein are similar to or lesser that those charged by GLO to its private clients not in bankruptcy.

5

10. The rates charged by the Applicants herein are similar to or lesser than, but well within the range of attorneys possessing similar skills, reputation and experience in area of bankruptcy and commercial law.

## VI. SUMMARY OF SERVICES

11. During the time period covered by this application, the nature of the services performed which were necessary, proper and for the benefit of Debtor's estate, are summarized as follows:

a. Prior to filing of the Debtor's Chapter 11 proceeding and upon being introduced to the Debtors, counsel discovered that the Debtor's gross sales had, over the previous 18 to 24 months been reduced substantially during that period and, as a result, the Debtor had become delinquent in the payment of withholding taxes (940 and 941) to both the Internal Revenue Service and the Illinois Department of Revenue; payments to its primary secured creditor, Amcore Bank for both a line of credit secured by it machinery and equipment and a mortgage on its corporate headquarters and processing facility which is owned by the Debtor; and, deepening accrual of delinquent payments to its trade creditors.

b. GLO prepared and filed all of the Debtor's bankruptcy schedules, statement of affairs and other related documents at the commencement of the case after thoroughly counseling with the Debtor's principals.

c. GLO prepared, filed and presented motions to employ counsel, and numerous "first day motions" necessary to preserve the continuity of the Debtor's business operation, including a motion to use cash collateral, which became a somewhat contentious motion which ultimately resulted in an agreed order being presented to the Court.

d. GLO attended the Debtor's Initial Debtor Interview and the §341 meetings and provided requisite data and information in accordance therewith.

e. GLO continually negotiated to reorganize the Debtor's secured debt with Amcore Bank (of which Harris Bank became the owner of the notes, mortgages and security interests after the failure of Amcore Bank) throughout the case, dealing with many contentious issues between the parties. As a part of this process, GLO filed an objection to Amcore's claim, the only objection to claim filed.

f. The case regarding the Use of Cash Collateral was contentious and became the cornerstone issue in the case delaying the filing and confirmation of a Plan by the Debtor. Ultimately agreement was reached regarding an order allowing the use of cash collateral. Contentiousness continued even after confirmation of the Debtor's Plan occurred in February of 2011 as further disputes arose with regard to the interpretation of the Plan's content. This dispute required the ultimate amending of the Plan and issues relating to whether the Plan had been "consummated" thus, preventing modification. The issue was briefed and argued to the Court and the Debtor's position was eventually sustained by the Court. This led to additional lengthy and contentious negotiations between the Debtor's positions and that of Harris Bank. Ultimately the parties found agreement and a Modified Plan was confirmed by the Court.

g. As matters turned, even the Plan and its content became the subject of controversy between Harris and the Debtor post confirmation, but ultimately the parties agreed to the intended provisions and meaning of the Plan after much continuing litigation before the Court.

h. GLO consulted with the debtor regarding its internal operations and met with and often consulted with the Debtor's principals s with regard to its cash management and general

7

business operations and replacement financing, which counsel was ultimately able to find for the Debtor making its Plan both feasible and ongoing financial operations much smoother.

　　　　i.　　GLO reviewed and consulted with the Debtor with regard to numerous executory contracts to which the Debtor was a party.

　　　　j.　　GLO worked often and diligently with the Debtor and its accountants regarding its complex monthly operating reports and its other financial reporting as part of the process of obtaining replacement financing

　　　　12.　　The above list is not intended to be a complete and exhaustive recitation of the services rendered but is intended only as a general summary.

## VII.　CASE PROJECT SUMMARY

　　　　13.　　GLO has recorded the time it has expended in 5 separate matters based as best it can be (noting that on occasion lines are blurred and an activity may encompass a crossover of several matters) on the type of services rendered. They are: (1) Pre-Petition Matters; (2) Chapter 11 Matters or general Matters; (3) Amcore/Harris Issues; (4) and Plan and Confirmation Matters. The number of hours spent on each is set forth below and the details can be found in Exhibit "A".

　　　　14.　　The breakdown is as follows:

| Attorney | Chapter 11 | Amcore/Harris Issues | Plan & Disc | Total |
|---|---|---|---|---|
| Richard N. Golding | 14.5 | 23.22 | 5.43 | 43.15 |
| Jonathan D. Golding | 41.78 | 48.0 | 35.08 | 124.86 |
| Total | 55.83 | 71.22 | 40.51 | 168.01 |

15. The services rendered above were always delivered in a professional and skillful manner. GLO was engaged every aspect of attempting to create a sustainable path reorganizing this family owned business so as to pay the governmental claims and preserve the jobs of its many employees.

16. GLO believes that the compensation requested is commensurate with similar cases containing similar complexity and should be measured accordingly and is in equivalent or lesser than services rendered in this or similar bankruptcy cases in this community.

## CASE RESULTS

17. The Debtor was insolvent as analyzed by GLO at the time they were introduced to the case . The company had been on a downward path for over ten years and had exhausted its value by during stressful economic times which were a part of the general economy and not errors in operating the business created by the Debtor's management.

18. The Debtors operations came under find scrutiny by its accountants and GLO and issues with regard to the financial management of the company were routinely addressed by both. The Debtor refined its target markets and began a program designed to produce products priced in a fashion to be used by hair salons and consumers in the targeted ethnic hair products market.

19. GLO with the help of the Debtor's principals and accountants were able to craft a Plan which was agreeable to its secured creditor protagonist and which would pay the substantial delinquent tax obligations of the Debtor in the time allotted in the Bankruptcy Code and resulted in consent by the Debtor's primary secured creditor, Harris Bank, as successor in interest to Amcore Bank. .

20. A Modified Plan was filed and after further negotiations and the threat of cram down, resulted in the parties arriving at an agreeable and feasible Modified Plan which was confirmed on March 19, 2013.

**WHEREFOR,** GLO prays for the allowance of payment in the sum of $48,265.00 fees for professional services provided and for reimbursement of expenses in the amount of $26.00 for services rendered through confirmation and for such other relief as the Court deems just and appropriate.

                        Respectfully submitted,

                        /s/Richard N. Golding
                        One of the attorneys for the
                        Reorganized Debtor

Richard N. Golding, Esq. (0992100)
Jonathan D. Golding, Esq. (6299876)
The Golding Law Offices, P.C.
500 N Dearborn Street, 2nd FL
Chicago, IL 60654
Tel: (312) 832-7885
Fax: (312) 755-5720
Email: rgolding@goldinglaw.net